DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Curtis William Whiton appeals from the decision of the Lorain County Court of Common Pleas adjudicating him as a sexual predator under R.C. Chapter 2950. We affirm.
On September 21, 1983, the Lorain County Grand Jury indicted appellant on eighteen counts of rape, eight counts of disseminating matter harmful to juveniles, one count of attempted rape, and one count of gross sexual imposition. The charges stemmed from appellant's sexual abuse of at least twenty-one boys over a period of two years while appellant was a cub scout leader. Appellant initially pleaded not guilty to the charges. Pursuant to a plea bargain agreement, appellant pleaded guilty to eight counts of rape and one count of attempted rape, with the remaining charges being dismissed. The trial court accepted the plea and sentenced appellant. Under his sentence, the sentences of four of the rape counts (seven to twenty-five years) were to run consecutively; the remaining sentences were to run concurrently to the other sentences.
On May 16, 1997, a hearing was held pursuant to R.C.2950.09(C)(2) to determine whether appellant should be adjudicated as a sexual predator. The police detective involved in the investigation of the rape charges was the only witness. The trial court also relied on the presentence investigation report prepared earlier. After considering the evidence, the trial court found appellant to be a sexual predator. This appeal followed.
Appellant asserts five assignments of error. We address the first four assignments of error together.
I.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPLELANT [sic] WHEN IT FAILED TO FIND O.R.C. 2950.09
UNCONSTITUTIONAL AS AN EX POST FACTO LAW AND AS BEING CONTRARY TO THE DOUBLE JEOPARDY CLAUSES OF THE U.S. AND OHIO CONSITUTIONS [sic] AND BEING CONTRARY TO STATUTE, O.R.C. 1.58.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO FIND O.R.C. 2950.09 TO BE AN UNCONSITUTIONAL [sic] DENAIL [sic] OF DUE PROCESS, EQUAL PROTECTION AND FUNDAMENTAL FAIRNESS OF THE LAW.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELANT [sic] WHEN IT FAILED TO FIND O.R.C. 2950.09
TO BE UNCONSTITUTIONALLY VAGUE, THEREBY DENYING APPELLANT DUE PROCESS OF LAW.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO FIND O.R.C. 2950.09 VIOLATED APPELLANT, AS WELL AS APPELLANT'S FAMILY, [sic] RIGHT OF PRIVACY.
In his first four assignments of error, appellant argues that R.C. Chapter 2950 is unconstitutional on several grounds: ex postfacto, retroactivity, double jeopardy, denial of due process and equal protection, void for vagueness, and violation of the right to privacy. Each of these contentions has been rejected previously. State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2 (ex post facto and retroactivity);State v. Alston (Dec. 23, 1998), Lorain App. No. 97CA006941, unreported, at 5-7 (due process, equal protection, vagueness, right to privacy). Appellant's first, second, third, and fourth assignments of error are overruled.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND THE APPELLANT TO BE A SEXUAL PREDATOR EVEN THOUGH NO TESTIMONY WAS PRESENTED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
In his fifth assignment of error, appellant contends that there was not clear and convincing evidence to support his adjudication as a sexual predator. If an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In the case at bar, the record overwhelmingly supports the trial court's finding that appellant is a sexual predator. At the time that the offenses underlying the present appeal were committed, appellant was thirty-four years of age. The record did not disclose any prior convictions. In the investigation of the matter, police officers interviewed twenty-one boys who were molested by appellant. All of the victims were under the age of thirteen when appellant molested them, with the youngest being only nine years old at the time. There is no evidence that appellant has any diagnosed mental illness. While in prison, appellant has attended sex offender programs.
The nature of appellant's sexual assaults on his victims over a significant period of time demonstrates a pattern of abuse. Over a period of two years, appellant (1) performed acts of oral, manual, or anal sex on his victims, (2) performed such acts on other children in the victims' presence, (3) undressed in front of victims, (4) showed to his victims pornographic films, movies, books, and magazines that depicted homosexual and heterosexual sex acts, and (5) photographed some of his victims naked. Appellant also threatened his victims to keep them from telling their parents or others what he had done. The evidence before the trial court demonstrates beyond all doubt that appellant is a sexual predator, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Appellant's fifth assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J. CONCUR